3

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan Didriksen
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

In re:

BRIAN THIEL, and

RANDI THIEL

Debtors.

Case No. 11-46760-B-7
Chapter 7

DNL-6

Date:     April 2, 2013
Time:     9:32 a.m.
Location: 501 I Street, 6th Floor
          Department B
          Sacramento, CA 95814

## MOTION FOR TURNOVER

Chapter 7 trustee SUSAN DIDRIKSEN ("Trustee"), in her capacity as Chapter 7 trustee of the bankruptcy estate of BRIAN THIEL and RANDI THIEL (collectively "Debtors"), hereby moves for an order compelling the Debtors to turn over the following vehicles: (1) 2005 Dodge Truck [VIN 3D7LS38C55G768976] ("2005 Dodge"); and (2) 2010 Arctic Cat Four Wheeler [VIN RFB10ATV0AK6W0209] ("2010 Arctic Cat") (collectively "Vehicles"). In support of her motion, Trustee submits the following:

### JURISDICTION AND BACKGROUND

1. Jurisdiction for this motion exists pursuant to 11 U.S.C. Section 1334; 11 U.S.C. Section 157(b)(2)(E); and 11 U.S.C. Section 542(a). Venue is proper pursuant to 28 U.S.C. Section

1

1409(a).

2. On November 11, 2011, the Debtors commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition.

3. On December 1, 2011, after interim trustee Thomas Aceituno resigned, Trustee was duly appointed successor trustee of the Debtors' bankruptcy estate.

4. Among the assets of the bankruptcy estate is the Debtors' interest in the 2005 dodge and the 2010 Arctic Cat. Neither the 2005 Dodge nor the 2010 Arctic Cat were listed in the Debtors' original bankruptcy schedules. However, after causing a search to be conducted of the California Department of Motor Vehicles Records, Trustee determined that both of the Vehicles are registered in the name of debtor Brian Thiel.

5. On June 29, 2012, Trustee commenced Adversary Proceeding No. 12-02284 objecting to the Debtors' discharge in part because of the Debtors' failure to disclose their interest in various assets. On October 23, 2012, after learning of the Debtors' interest in the Vehicles, Trustee filed an amended complaint including allegations concerning the same.

6. At his deposition conducted on November 13, 2012, debtor Brian Thiel acknowledged that the Debtors own both the 2005 Dodge and the 2010 Arctic Cat. Mr. Thiel testified that he bought the 2005 Dodge in 2005 or 2006, that it is located at his residence, and that he drives the 2005 Dodge on a daily basis. Brian Thiel further testified that the 2010 Arctic Cat was a gift from his father to Brian Thiel's minor son prior to the Debtors' bankruptcy, that it is registered in Brian Thiel's name, and that he still has the 2010 Arctic Cat.

7. On February 12, 2013, at Trustee's request, West Auctions, Inc. ("West') inspected both the 2005 Dodge and the 2010 Arctic Cat at that Debtors' real property located at 4067 Pleasant Grove Road, Pleasant Grove, California 95668. Brian Thiel was present during the inspection. West valued the 2005 Dodge in the approximate amount of $16,000 and the Arctic Cat in the approximate amount of $1,200.

8. The Debtors have neither filed amended schedules identifying their interest in the Vehicles nor claimed an exemption against the Vehicles.

9. Since learning of the Debtors' interest in the Vehicles, Trustee has made numerous demands on the Debtors to turn over the Vehicles. Despite such demands, the Debtors

have failed to turn over the Vehicles.

## RELIEF SOUGHT AND BASIS FOR RELIEF

Pursuant to 11 U.S.C. Section 542(a), an entity, other than a custodian, in possession, custody, or control of property that the trustee may use, sell, or lease under 11 U.S.C. Section 363, "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." As noted above, the Debtors acknowledge their ownership and control over the Vehicles. Moreover, the Debtors acknowledge that they owned the Vehicles at the time they filed their bankruptcy case. As such, the Debtors' interest in the Vehicles is property of the Debtors' bankruptcy estate that the Trustee may use for the benefit of estate creditors. *See* 11 U.S.C. § 541(a)(1); 11 U.S.C. § 363. Since the Debtors' interest in the Vehicles is not of inconsequential value or benefit to the estate, the Debtors are obligated to turn over the Vehicles to Trustee.

**WHEREFORE**, Trustee prays that her motion be granted, and for such other and further relief as may be necessary and proper.

Dated: March 19, 2013          **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
**J. LUKE HENDRIX**
Attorneys for Susan Didriksen, Trustee

3